UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JAMES RUCKER,<br>   Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 4:21-CV-13-JEM |
| | ) |
| FORMER DELPHI POLICE CHIEF<br>STEVE MULLIN, IN HIS OFFICIAL<br>CAPACITY, *et al.*,<br>   Defendants. | )<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss by Sheriff Tobe Leazenby and Deputy Drew Yoder in their Official Capacities [DE 52] filed on August 1, 2022, and a Motion to Dismiss by Defendants Former Delphi Police Chief Steve Mullin, in his Official Capacity; Officer Colin Deckard, in his Official Capacity; and Officer Alex Parkinson, in his Official Capacity [DE 55] filed on August 8, 2022. Plaintiff filed his responses to the Motions on August 29, 2022, and Defendants filed their joint reply on September 6, 2022.

**I. Background**

On February 8, 2021, Plaintiff filed his Complaint against Defendants alleging violations of his Fourth and Fourteenth Amendment rights. The matter was then stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), until May 9, 2022, following resolution of the related state court criminal case. Plaintiff filed his Amended Complaint on May 23, 2022, and Defendants moved to dismiss. Thereafter, on July 25, 2022, Plaintiff filed his Second Amended Complaint alleging violations of Plaintiff's Fourth and Fourteenth Amendment rights pursuant to Section 1983 for excessive force against Defendants Decker, Parkinson, and Yoder (Count I); violations of his

1

Fourth and Fourteenth Amendment rights pursuant to Section 1983 for failure to intervene in the use of excessive force against Defendants Decker, Parkinson, and Yoder (Count II); and Section 1983 *Monell* claims against Defendants Mullin, Leazenby, Decker, Parkinson, and Yoder (Count III). The Second Amend Complaint no longer states any claims against McCain, City of Delphi, or Carroll County. Remaining Defendants Leazenby, Yoder, Mullin, Deckard, and Parkinson thereafter filed the instant Motions to Dismiss the *Monell* claims asserted in Count III of the Second Amended Complaint against each of them in their official capacities, and Mullin moved to dismiss all claims asserted against him.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon

which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

### III. Facts[1]

Plaintiff was arrested on February 9, 2019, in Delphi, Indiana. Officers Parkinson and Deckard and Deputy Yoder, as well as a police canine, Micky, were all involved in the arrest. Parkinson deployed his taser before Yoder arrived. After Yoder arrived on-scene, both Parkinson

---

1 For purposes of this Motion to Dismiss, the Court treats the facts alleged in the Complaint as undisputed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

3

and Yoder ordered Plaintiff to the ground. Deckard deployed his taser when Plaintiff did not immediately get on the ground, and when Plaintiff attempted to get up, Yoder deployed his taser. Plaintiff, who weighs 300 pounds, was laying on the ground with his arms trapped under his body. Deckard and Yoder attempted to gain control of his left arm, and Parkinson attempted to gain control of his right arm. Yoder advised Plaintiff he was going to deploy the police canine, Micky, and did so. Micky latched onto Plaintiff's right arm for several minutes. When Plaintiff rolled to his side and attempted to get Micky to release him, Yoder punched Plaintiff in the face. Plaintiff fell back to the ground, and Micky was able to pull Plaintiff's right arm from under his body. Deckard was able to get Plaintiff's left arm from under his body, and Plaintiff was handcuffed. Parkinson applied a tourniquet to Plaintiff's right arm, as Plaintiff was bleeding heavily from Micky's bite. Plaintiff has permanent nerve damage to his right arm.

Plaintiff was charged with three counts of resisting law enforcement, one count of public intoxication, and one count of disorderly conduct. On March 18, 2022, Plaintiff pleaded guilty to resisting Officers Parkinson and Deckard; the remaining charges were dismissed.

At the time of Plaintiff's arrest, Defendant Mullin was the Chief of Police of the Delphi Police Department, which employed Officers Parkinson and Deckard. Defendant Leazenby was, and remains, the Sheriff of Carroll County, which employed Deputy Yoder.

**IV.     Analysis**

Plaintiff alleges that Parkinson, Deckard, and Yoder used excessive force and failed to intervene to prevent each other from using excessive force in the course of effectuating Plaintiff's arrest on February 9, 2019, in violation of his constitutional rights under the Fourth and Fourteenth Amendments to the U. S. Constitution. Plaintiff alleges that Defendants Mullin and Leazenby were

4

responsible for governmental policies or customs which were the "moving force" behind the violation of his constitutional rights.

    A. <u>Former Police Chief Mullin</u>

Defendant Mullin argues that Plaintiff's claim against him should be dismissed because he is no longer the Chief of Police of Delphi, Indiana and that Federal Rule of Civil Procedure 25(d) does not apply because he did not cease holding that office during the pendency of this action. Plaintiff argues that because the incident arose during Mullin's tenure, and the claim is brought against him in his official capacity, dismissal is improper. Plaintiff acknowledges that the *Monell* claims against Mullin are effectively "another way of pleading an action against an entity of which the officer is an agent," *Sow v Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). and cites no authority and presents no argument on how a suit against a former official can be a suit against the entity of which the former official is no longer an agent. Although his argument is not clear, Plaintiff also seems to be asserting that the Rule 25(d) automatic substitution of successor officials is not applicable. Under Rule 25(d), when a named public official leaves office, or dies during the pendency of an action "[t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).

Because Defendant Mullin has no official capacity at this time and had none at the time suit was filed, and the action seeks relief against him in an official capacity, the pleadings must be amended to substitute Brook McCain, Delphi Police Chief, in his official capacity, as a party defendant for all claims asserted against Mullin. Fed. R. Civ. P. 25(d); *see Hill v. Barbour*, 787 F. Supp. 146, 147, n.1 (N.D. Ill., 1992) (when former sheriff was sued in an official capacity, court "*sua sponte* [] amend[ed] the pleadings to conform with the issues presented in Hill's pleadings"

and named current sheriff).

B. *Monell* claims

The *Monell* claims against the Police Chief and Officers Parkinson and Officer Deckard are, effectively, a claim against the City of Delphi, and the *Monell* claims against Sheriff Leazenby and Deputy Yoder are a claim against Carroll County. *See Monell v Dept of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n. 55 (1978); *Sow v. Fortville Police Dep't*, 636 F.2d 293, 200 (7th Cir. 2011). A municipality or local governmental entity can be held liable for a constitutional violation if the violation resulted from a formal policy, an informal custom, or a decision "made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 691, 694, n.58 (1978).

To establish a *Monell* claim against a municipality, a plaintiff must prove that a defendant acted pursuant to (1) an official policy, (2) a practice or custom that although not officially authorized, was widespread and settled, or (3) instructions from a city official with final policy-making authority. *Gonzalez v. Vill. of W. Milwaukee*, 671 F.3d 649, 664 (7th Cir. 2012) (citing *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010); *Monell*, 436 U.S. at 690)). In this case, Plaintiff asserts that the Delphi Police Chief, among other things, "promulgated and effectuated widespread policies, practices, and/or customs…which facilitate the use of excessive force, including the unwarranted and unnecessary deployment of TASER cartridges." Pl. Amd. Comp.¶¶ 129, 130 [DE 50]. Plaintiff also alleges that "it is common practice for officers of the Delphi Police Department to unreasonably deploy their TAZERS to effectuate other arrests." *Id.* at ¶ 132. Plaintiff asserts similar allegations against Sheriff Leazenby and Deputy Yoder. *Id*. at ¶¶ 140-143. Plaintiff specifically identifies six failures that he argues are Delphi department policies

6

and seven alleged Carroll County policies. All of them take the form "adequately [supervise] officers and/or deputies regarding objectively reasonable treatment and use of force, including specifically TAZER cartridge deployment, against members of the public, including the Plaintiff."[2]

Plaintiff argues that the identified policies constituting the bases for his claim are sufficient to state a cause of action under *Monell* because he has included "allegations of specific policy deficiencies which were the 'moving force' behind the alleged constitutional violation." Defendants argue that Plaintiff's allegations are only "boilerplate" and quote the Supreme Court's reminder that "rigorous standards of culpability and causation must be applied to ensure the municipality is not held liable solely for the actions of its employees." *Bd. of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 405 (1997). Plaintiff has alleged no facts showing widespread practices consistent with these identified policies. His statements are conclusory, rather

---

2  Plaintiff specifically identifies six failures (seven for Defendants Leazenby and Yoder), including:
   a. adequately supervise officers and/or deputies regarding objectively reasonable treatment and use of force, including specifically TAZER cartridge deployment, against members of the public, including the Plaintiff;
   b. adequately train officers and/or deputies regarding objectively reasonable treatment and use of force, including specifically TAZER cartridge deployment, against members of the public, including the Plaintiff;
   c. adequately protect members of the public, including the Plaintiff, from objectively unreasonable treatment and use of force, including specifically TAZER cartridge deployment, by officers and/or deputies;
   d. adequately identify objectively unreasonable treatment and use of force, including specifically TAZER cartridge deployment, against members of the public, including the Plaintiff, by officers and/or deputies;
   e. adequately document objectively unreasonable treatment and use of force, including specifically TAZER cartridge deployment, against members of the public, including the Plaintiff, by officers and/or deputies;
   f. adequately penalize and/or deter objectively unreasonable treatment and use of force, including specifically TAZER cartridge deployment, against members of the public, including the Plaintiff, by officers and/or deputies.

The allegations against Leazenby and Yoder add deploying canine officers and closed fist punches to the conduct identified.

than factual, statements and are therefore insufficient to meet the rigorous standards of culpability and causation necessary to impose liability under a *Monell* analysis. *See Bd. of County Com'rs of Bryan County*, 520 U.S. at 405; *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) (dismissal is proper where plaintiff "alleged no facts to suggest that the policies of which he complains actually exist").

Defendants argue that Plaintiff has not alleged that any Carroll County Sheriff or Delphi Police Officer has ever been found to have used excessive force against anyone else, and therefore his complaint should be dismissed for failure to sufficiently assert a practice of excessive force. Plaintiff argues that "his own experience suffering excessive force at the hands of [the officers and deputy] as the strongest evidence of an underlying series of policies, procedures, customs, or practices which led to the violence used against him during his arrest." The Amended Complaint refers generally to other arrests in which violence occurred but does not reference any specific arrest or complaint of excessive force.

A single incident is generally insufficient to establish a custom or practice to sustain a *Monell* claim. *Calusinski v. Kurger*, 24 F.3d 931, 936 (7th Cir. 1994) ("Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability."); *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000). A plaintiff needs to allege facts which "show more than the deficiencies specific to his own experience. . ." *Daniel v. Cook Cnty.*, 833 F.3d 728, 735 (7th Cir. 2016). Plaintiff has not done so and therefore his Second Amended Complaint fails to adequately plead a *Monell* claim against any of the Defendants.

**V.    Conclusion**

For the foregoing reasons, the Court hereby *sua sponte* **ORDERS** that the caption be amended to name Brook McCain, Delphi Police Chief, in his official capacity, as the proper party

8

defendant in place of Former Delphi Police Chief Steve Mullin. The Court **GRANTS** the Motion to Dismiss by Sheriff Tobe Leazenby and Deputy Drew Yoder in their Official Capacities [DE 52] and the Motion to Dismiss by Defendants Former Delphi Police Chief Steve Mullin, in his Official Capacity; Officer Colin Deckard, in his Official Capacity; and Officer Alex Parkinson, in his Official Capacity [DE 55], and **ORDERS** that Count III of Plaintiff's Second Amended Complaint **is dismissed** without prejudice. Counts I and II remain pending.

The Court **ORDERS** that any motion for leave to amend the Complaint must be filed by **November 18, 2022**.

SO ORDERED this 20th day of October, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record